DECISION.
Tragically, Elizabeth Pease had an epileptic seizure while driving to work. Her car veered off the road, killing Douglas Doench, who was walking on the sidewalk in quest of a Sunday morning paper. A jury found Pease guilty of aggravated vehicular homicide.[1] The trial court sentenced her to five years' incarceration, the maximum penalty. Pease appeals both the determination of guilt and the length of her sentence. We affirm the determination of guilt, but adjust her sentence.
Evidence at trial indicated that Pease was an epileptic who needed to take anti-seizure medication. Pease had stopped taking the medication, because it "gave her a rash." She voluntarily took a blood test when asked, and was cooperative with the police. The blood test revealed that Pease had smoked marijuana and ingested cocaine the evening before. Though tests of her blood proved that she was not under the influence of any drug at the time of her driving, the state adduced evidence that both the ingestion of cocaine and the failure to take the proper medication had contributed to lowering her "seizure threshold," thus making it much more likely that she would have a seizure. And medical testimony established that she had in fact had a seizure.
Obviously, Pease should not have been driving. But she contends that her actions were not "reckless" under the legal definition of that term. If she were not reckless, but only negligent, she would be guilty of a misdemeanor, not a felony, and subject to a maximum of six months' incarceration, not five years.[2] (The legislature substantially amended the vehicular homicide statute shortly after the event here, but none of the amendments would have changed the outcome of this case.) To be guilty of aggravated vehicular homicide, one must cause the death of another by acting with "heedless indifference to the consequences" and "perversely" disregarding "a known risk."[3] Medical testimony established that unilaterally discontinuing medication greatly elevated the risk of seizure. Additionally, it was shown that cocaine had a "kindling effect" in further increasing that risk. All of these factors were before the jury. The jury was entitled to, and did, conclude that when Pease decided to drive with this greatly elevated risk of seizure, she acted recklessly. We hold that the evidence supported the jury's finding. The first and second assignments of error are overruled.
Pease next contends that her sentence was contrary to law. She contests the imposition of any prison term at all, as well as the length of the term imposed. We have reviewed the sentencing factors, and we hold that (a) a prison term was appropriate,[4] (b) more than the minimum term was proper,[5] but (c) the maximum term was not warranted.[6]
A prison term was clearly appropriate here; but the sentencing law required the trial court to impose the shortest term on an offender who had not previously served a prison term — which Pease had not — unless the court found that the shortest term would "demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by this offender or others."[7] The trial court found, and we agree, that the shortest term would demean the seriousness of Pease's conduct.
A maximum prison term must be supported by a finding that a defendant has committed one of the "worst forms" of the offense, or poses "the greatest likelihood of committing future crimes," or is among a certain class of repeat offenders.[8] We do not believe the record supports such a finding in this case.
Most aggravated-vehicular-homicide cases involve offenders under the influence of alcohol or drugs; Pease, while having abused drugs recently, was not under the influence of drugs at the time of the offense. Her conduct cannot be characterized as the worst form of the offense — every such case involves a death.[9] Though Pease had a previous probation for a drug offense, we cannot say that she has the "greatest likelihood" of committing more crime. Surely, the tragic consequences of her conduct, together with prison time, will militate against future misconduct.
We sustain the third assignment to the extent that we modify the sentence from five years' incarceration to three. We remand this case to the trial court for the implementation and execution of the modified judgment.
Doan, J., concurs.
 ________________________ Painter, Judge.
[1] R.C. 2903.06(A).
[2] R.C. 2903.07 (now R.C. 2903.06 [B][2]); R.C. 2929.21 (B)(1).
[3] R.C. 2901.22(C).
[4] R.C. 2929.14(A)(3).
[5] R.C. 2929.14(B).
[6] R.C. 2929.14(C).
[7] R.C. 2929.14(B).
[8] R.C. 2929.14(C). See State v. Mays (July 28, 2000), Hamilton App. No. C-000003, unreported, appeal not allowed (2000), 90 Ohio St.3d 1468,738 N.E.2d 381.
[9] See Mays, supra.